**UNITED STATES COURT OF APPEALS**

November 12, 2020

**TENTH CIRCUIT**

DEONTA DEJUAN BALLARD,

    Petitioner - Appellant,

v.

JIMMY MARTIN,

    Respondent - Appellee.

No. 20-5088
(D.C. No. 4:19-CV-00662-CVE-JFJ)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

This matter is before the court on Deonta Dejuan Ballard's pro se request for a certificate of appealability ("COA"). He seeks a COA so he can appeal the district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from the dismissal of a § 2254 petition unless the petitioner first obtains a COA); *id.* § 2244(d)(1) (setting out a one-year limitations period running from the date on which the state conviction became final). Because Ballard has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

An Oklahoma state jury found Ballard guilty of robbery with a firearm (two counts), first degree burglary, kidnapping for extortion, kidnapping, and felony possession of a firearm. Following the sentencing phase of the trial, the jury found that Ballard had two prior felony convictions and recommended a life sentence for each of his six convictions. The state trial court sentenced Ballard accordingly.

On December 2, 2019, Ballard filed the instant § 2254 habeas petition in the United States District Court for the Northern District of Oklahoma, raising numerous claims of error in the state court proceedings. The respondent Warden filed a motion to dismiss Ballard's petition on the ground it was filed outside the limitations period set out in § 2244(d)(1). In his response to the Warden's motion to dismiss, Ballard did not seriously contest that, even with the application of statutory tolling, his petition was untimely. Instead, Ballard asked the district court to equitably toll the limitations period. In a thorough and well-reasoned order, the district court confirmed statutory tolling did not render Ballard's § 2254 petition as timely and concluded Ballard had not come close to demonstrating the type of extraordinary circumstances that would entitle him to equitable tolling. In so concluding, the district court specifically noted that even if it equitably tolled the limitations period for the entire time Ballard was in lockdown, his petition would still be untimely. The district court also denied

Ballard's Federal Rule of Civil Procedure 59(e) motion on the ground it merely reiterated arguments already rejected in the order denying Ballard's petition.

The obtaining of a COA is a jurisdictional prerequisite to Ballard's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). As a further overlay, we review for abuse of discretion the district court's decision that Ballard is not entitled to have the § 2244(d) limitations period equitably tolled or is only entitled to a limited period of statutory tolling. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Ballard's appellate filings, the district court's orders, and the entire record before this court pursuant to the framework

set out in *Miller-El* and *Slack*, we conclude Ballard is not entitled to a COA. The district court's resolution of Ballard's § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal. In so concluding, there is no need for this court to repeat the thorough analysis set out in the district court's orders. Accordingly, this court **DENIES** Ballard's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge